**Abdel RAHEIM, Plaintiff–Appellant,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Greenberg, School Principal P.S. 4, Defendants–Appellees.**

No. 06–4390–cv.

United States Court of Appeals, Second Circuit.

Dec. 15, 2008.

906

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED.**

Abdel Raheim, pro se, Brooklyn, NY, for Appellant.

Karen M. Griffin, of counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff-Appellant Abdel Raheim appeals from the August 17, 2006 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*) granting summary judgment in favor of Defendants-Appellees, the New York City Board of Education (the "Board") and P.S. 4 School Principal, Ms. Ellie Greenberg ("Ms. Greenberg"), and dismissing Plaintiff's complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the district court's summary judgment decision *de novo. Roe v. City of Waterbury,* 542 F.3d 31, 35 (2d Cir.2008).

In two separate complaints (consolidated below), Raheim alleges that the Board and Ms. Greenberg violated his rights under Title VII by discriminating against him by reason of his religion and national origin. Raheim alleges that Defendants-Appellants: (1) fired him (twice); (2) failed to re-hire him; (3) failed to promote him; (4) failed to provide equal terms and conditions of employment; and (5) retaliated against him. The Board and Ms. Greenberg submitted evidence that Raheim had: slapped and physically restrained students, provided students with answers on standardized tests, sexually harassed female colleagues (*e.g.,* by trying to kiss them, pat their backs, or put his arms around them), and otherwise received unsatisfactory performance ratings. Raheim denies some of these allegations; but even viewing the facts in the light most favorable to him, we agree with the district court that "no reasonable jury could find that plaintiff was discriminated against because he is Egyptian or because he is Muslim." Accordingly, we affirm the district court on the merits for substantially the same reasons laid out in Judge Bianco's comprehensive opinion of August 17, 2006.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**